### UNITED STATES

v.

**Private (E–1) Hezikiah JACKSON, 242–90–4529, U. S. Army, 517th Maintenance Company, 51st Maintenance Battalion, APO New York 09360.**

**SPCM 10276.**

U. S. Army Court of Military Review.

15 Aug. 1975.

---

2. We assume without deciding that McCoy was indeed in the class of individuals who could authorize a search.

Appellate counsel for the Accused: MAJ Richard J. Goddard, JAGC; LTC Edward S. Adamkewicz, Jr., JAGC; COL Victor A. De Fiori, JAGC.

Appellate counsel for the United States: CPT Nancy M. Giorno, JAGC; MAJ Steven M. Werner, JAGC; LTC Donald W. Hansen, JAGC; LTC Ronald M. Holdaway, JAGC.

## OPINION OF THE COURT

BAILEY, Senior Judge:

The appellant was tried by special court-martial (military judge alone) for the offenses of willful disobedience of a lawful order, possession of cocaine, and possession of heroin in violation of Articles 91 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 891 and 892. Contrary to his pleas, the appellant was found guilty as charged and sentenced to a bad-conduct discharge, forfeiture of $217.00 per month for four months, and confinement at hard labor for four months. The convening authority approved the findings and sentence.

In their principal assignment of error, appellate defense counsel contend:

THE MILITARY JUDGE ERRED WHEN HE FOUND APPELLANT GUILTY OF WILLFUL DISOBEDIENCE OF AN ORDER TO PROVIDE A URINE SAMPLE, WHERE SUCH ORDER CONSTITUTED AN UNLAWFUL INFRINGEMENT OF APPELLANT'S RIGHT AGAINST SELF–INCRIMINATION.

This assignment of error need not long detain us because of the decision of the United States Court of Military Appeals in the case of *United States v. Ruiz*, 23 U.S.C.M.A. 181, 48 C.M.R. 797 (1974) and this Court's decision in the case of *United States v. Peterson*, 49 C.M.R. 696 (ACMR 1974).

In *Ruiz, supra*, it was held that, an order to provide a urine specimen was illegal and the accused was entitled to rely on his Article 31 protection and refuse obedience notwithstanding the fact that the purpose of the order was not to obtain incriminating evidence, but to implement a command drug rehabilitation program. Speaking for the Court majority (the late Judge Quinn dissenting), Chief Judge Duncan stated:

". . . Aside from cases in which the order is directed towards producing evidence for actual use against the accused in a criminal proceeding, there are those in which, regardless of the order's purpose, the accused knows that compliance will in fact produce incriminating evidence. This is such a case. Here, the accused knew and informed Major Davis that he would not comply with the order because the ensuing urinalysis would prove positive and indicate he had been using drugs. Thus, despite the Major's purpose in giving the order, the accused was entitled to rely on his Article 31 protection and to refuse obedience to it." (*Id.* 23 U.S.C.M.A. at 182, 48 C.M.R. at 798).

In the instant case, no attempt was made by the prosecution to establish the use or purpose of the urine test. From the limited evidence adduced by the prosecution, it appears that the appellant's refusal to obey the order stemmed from his belief that the results of the test would be positive. Specialist Four Walter L. Talley, having indicated that he saw the appellant at the time here material, further testified in part as follows:

.    .    .    .    .

"Q: Would you please tell the court what happened?

A: Well, I came to Sergeant Stokes with the urinalysis bottle because on the DA list for the company I saw Private Jackson's, he was to take a urinalysis test on this morning so I came to Sergeant Stokes and I told Sergeant Stokes, I informed him that he had to take a urinalysis test and in turn Sergeant Stokes told him to come with me to take the urinalysis test.

Q: And what occured (sic) then?

A: So Private Jackson told Sergeant Stokes he wasn't going to urinate in the bottle because you know it's positive, everybody knows what I'm doing anyway.

Q: Did Private Jackson go with you?

A: No, sir, he didn't."

.     .     .     .     .

In light of the foregoing considerations, we are constrained to conclude, and so find, as urged by appellate defense counsel that, here, as in *Ruiz, supra*, the appellant was entitled to rely on his Article 31 protection and to refuse to obey the order to give a urine sample.

The remaining assignment of error has been considered and found to be without substantial merit.

For the reason stated, the findings of guilty of Charge I and its specification are set aside and the charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge and confinement at hard labor for four months.

Chief Judge SNEEDEN and Judge COOK concur.